GRIMES, Judge.
This is an interlocutory appeal from an order denying a motion to dismiss a complaint for declaratory judgment.
According to the complaint Mr. and Mrs. Curley gave a deed to the City of Pinellas Park in 1958 which contained the following description:
The north 15 feet and the east 15 feet of
Farm B, north of ditch # 2, Pinellas
Farms, Section 32-30-S-16-E for street purposes only.
The appellees alleged that in 1970 they acquired from Mr. and Mrs. Earns a parcel of property which included the land covered by the deed to the city. Appellees sought to have the deed to the city declared void on the theory that the deed affirmatively stated that it had been made for no consideration.
The city moved to dismiss for lack of standing on the part of the appellees to bring the suit and for failure to join the Curleys and the Earns as indispensable parties. We find it necessary only to address the question of standing.
As authority for a suit for declaratory judgment concerning a deed, Section 86.021, Florida Statutes (1975), states that “[a]ny person claiming to be interested or who may be in doubt about his rights under a deed ... or whose rights, status, or other equitable or legal relations are affected by a . . . deed . . . may have determined any question of construction or validity arising under such . deed . . . and obtain a declaration of rights, status or other equitable or legal relations thereunder.” As we read it, before a party can bring suit under this statute he must claim some rights under the deed which he seeks to have construed. In this case, while the deed in question may affect property in which the appellees have an interest, they are claiming no rights under that deed.
The case is similar in many respects to Bowden v. Seaboard Air Line R.R. Co., 47 So.2d 786 (Fla.1950). In that case the plaintiff brought a suit for declaratory judgment against the railroad seeking a determination of the width of a right of way the railroad had obtained across lands later acquired by the plaintiff. In affirming a dismissal of the complaint, our supreme court said:
When boiled down to its essence, it is crystal clear that in and by his bill for declaratory decree appellant seeks construction of an instrument to which he was not a party and by virtue of which he, therefore, has never had any rights which could be declared thereunder. .
[[Image here]]
. In order to invoke jurisdiction under the provisions of the Declaratory Decree Statute for the purpose of having the court construe any instrument, it is essential that the movant allege facts which show that he is in doubt concerning his rights under said instrument — not that he has clear or definite rights under another and different instrument which might conflict with rights of some other person under the instrument sought to be construed.
As the city suggests, appellees’ remedy may be in a suit for quiet title. In any event, appellees have no standing to bring this suit for declaratory judgment.
REVERSED.
BOARDMAN, C. J., and SCHEB, J., concur.