HURLEY, Judge.
We are asked, on this appeal, to reverse the trial court’s finding that an unrecorded contractual agreement, never included or referred to in any deed of record, is not a covenant running with the land. Since the trial court’s position espouses a principle implicit in Florida law, we affirm.
In late 1969 Guardian Investment Properties Ltd. purchased a piece of real property in Palm Beach County. A water and sewer *395 treatment plant stood on this property. On April 14,1971, Guardian entered into a contract for the sale of a twenty-five acre portion (parcel B) of the property to one Lillian Porter. The sale contract specifically stated that Guardian agreed to furnish water and sewer service to the property line of Ms. Porter’s parcel. It is undisputed that this contract was never recorded. On June 10, 1971, Guardian conveyed parcel B to Ms. Porter by warranty deed. This deed made no mention of the contract agreement to provide water and sewer service.
On May 13,1971, Guardian entered into a contract to sell the remainder of the land (parcel A) including the water treatment plant. The contract specified that Mr. Ken Partiss and Mr. Jack Steinberg (the purchasers) would acknowledge the validity of the provision regarding water service in the contract between Guardian and Ms. Porter. This contract was not recorded. Next, Guardian conveyed parcel A to Messrs. Par-tiss and Steinberg. Again, no mention of the sales contract or the provision for water and sewer services was included in the warranty deed. To facilitate the purchase of parcel A, Messrs. Partiss and Steinberg gave a mortgage on that piece of property. By a subsequent assignment, First National Bank of Atlanta became the mortgagee.
On November 1, 1973, Lillian Luntta née Porter, conveyed parcel B to the appellant, Robert V. Shunk, as trustee. This warranty deed made no mention of the water or sewer rights. On November 3, 1973, however, Ms. Luntta assigned to Mr. Shunk her rights under the April 14, 1971, contract of sale with Guardian. This assignment was not recorded. On April 22,1977, Mr. Shunk conveyed a portion of parcel B to one Gary Garrison. This warranty deed made no mention of water and sewer rights.
On July 8, 1977, after foreclosure proceedings against Messrs. Partiss and Stein-berg, the First National Bank of Atlanta received a clerk’s title to parcel A. On December 30, 1977, First National conveyed parcel A to the appellee, Palm Beach County, by warranty deed. Once again, no mention of water or sewer rights appeared in the deed. Moreover, Palm Beach County bought only the land constituting parcel A. Title to the water and sewage treatment plant remained with First National Bank of Atlanta.
Appellant Shunk sued Palm Beach County for specific performance under the contract to gain water and sewer rights, or, in the alternative, to receive damages. After numerous interrogatories, requests for admission, etc., Palm Beach County moved for summary judgment. The court granted summary judgment, concluding that the failure of the various deeds to mention the water and sewer rights precluded, as a matter of law, a finding of a covenant running with the land. This appeal ensued.
No Florida case expressly states that a covenant running with the land must be included in the deed transferring the grant- or’s interest in order to bind subsequent grantees to'the covenant. We believe, however, that this proposition is one of ‘black letter’ law. A respected commentator has stated that “[cjovenants affecting land may also be created by contract between the owner and another without the necessity of a formal deed. But to constitute constructive notice such collateral agreements must be duly recorded.” 7 G. Thompson, Real Property § 3150 (1962). Furthermore, “[t]he weight of authority seems to be that the owner of land is bound by restrictive covenants only if they appear in his own chain of title.” Id. at § 3155. See 21 C.J.S. Covenants § 59 (1940); 20 Am.Jur.2d Covenants Conditions and Restrictions § 33 (1965); see also 19 Fla.Jur.2d Deeds § 167 (1980). The Florida cases concerning covenants running with the land, moreover, uniformly appear to be construing language contained in deeds in the record chain. See, e.g., Maule Industries v. Sheffield Steel Products, Inc., 105 So.2d 798 (Fla. 3d DCA 1958), cert. denied, 111 So.2d 41 (Fla.1959); Frumkes v. Boyer, 101 So.2d 387 (Fla.1958); Field Properties, Inc. v. Fritz, 315 So.2d 101 (Fla. 2d DCA 1975), cert. denied, 330 So.2d 16 (Fla.1976).
Since the evidence is undisputed that the purported covenant in this case does not *396 appear in the record chain of title, this covenant could not run with the land. For this reason, we affirm the order of the trial court.
AFFIRMED..
ANSTEAD and HERSEY, JJ., concur.