435 So.2d 326 (1983)
Alvin L. WINTERS, Patricia Winters, Robert J. Mizsur, Suzanne J. Mizsur, Drew A. Faulconer, Sandra H. Faulconer, Charles L. Rhodes, Jimmie P. Rhodes, Donald K. Lawter, and Christine M. Lawter, Appellants,
v.
ALANCO, INC., Lake Padgett Estates Civic Association, Neil Abbondante, Ann Abbondante, Keith M. Johnson, Verna R. Johnson, C. Wayne Brown, Judy Brown, David E. Stenmark, Rosemary Stenmark, Chester R. DeArmond, Denise G. DeArmond, C. Jay Ogborn, Mary S. Ogborn, Blaine B. Gladson, Mary Faye Gladson, Paul Porter, Judy Porter, Thomas Spock, Sr., Ann Spock, Thomas Spock, Jr., Richard Vanyure, Linda Vanyure, Douglas R. McBride, Sue McBride, Anthony Hanily, Audrey Hanily, William Jones, and Susan Jones, Appellees. and
ALANCO, INC., et al., Appellants,
v.
Alvin L. WINTERS, et al., Appellees.
Nos. 82-716, 82-1998.
District Court of Appeal of Florida, Second District.
July 22, 1983.
*328 Gregory J. Orcutt of Anderson, Thorn, Grose & Quesada, Tampa, for appellants/appellees Winters, et al.
Edward I. Cutler and Paul C. Davis of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellees Lake Padgett Estates Civic Association, et al.
BOARDMAN, Acting Chief Judge.
In case no. 82-716, intervention plaintiffs Alvin L. Winters, et al., appeal a final summary judgment against them in their suit against intervention defendants Alanco, Inc., et al., which judgment was apparently predicated upon a finding that intervention plaintiffs lacked standing to challenge the validity and enforceability of the demand by the original plaintiffs, namely, all of the intervention defendants except Alanco, that Alanco, the original defendant, be required to deed East Lake Recreation Area (the Recreation Area) to plaintiff/intervention defendant Lake Padgett Estates Civic Association (the Association). We affirm that judgment. However, we reverse the portion of the final judgment appealed in case no. 82-1998 which awarded intervention plaintiffs an easement for the use of the Recreation Area.
Intervention plaintiffs are owners of residential property in an area known as Lake Padgett Estates East which they or their predecessors in title purchased from Covington Properties, Inc. (CPI). The purchasers from CPI were given oral assurances, upon which they relied, that they could use the Recreation Area, but none was given and none even requested a written agreement to that effect.
Title to the Recreation Area was subsequently conveyed from CPI to Suncoast Highlands Corporation on June 16, 1977, and later from Suncoast to Alanco. Still later, the Association requested Alanco to deed the Recreation Area to the Association pursuant to a covenant running with the land. When Alanco refused, the Association filed suit against it. Intervention plaintiffs were allowed to intervene. They filed a four-count complaint seeking a determination that they held an implied easement to use the Recreation Area. The trial court entered summary judgment against them on the first three counts but found in their favor on count 4. These appeals followed timely.
As to the dismissal of the first three counts of intervention plaintiffs' complaint (case no. 82-176), we hold that intervention plaintiffs did not have standing to challenge the validity and enforceability of plaintiffs' demand for title to the Recreation Area. As this court stated in City of Pinellas Park v. Matthews, 355 So.2d 475, 476 (Fla. 2d DCA 1978):
As authority for a suit for declaratory judgment concerning a deed, Section 86.021, Florida Statutes (1975), states that "[a]ny person claiming to be interested or who may be in doubt about his rights under a deed ... or whose rights, status, or other equitable or legal relations are affected by a ... deed ... may have determined any question or construction or validity arising under such ... deed ... and obtain a declaration of rights, status or other equitable or legal relations thereunder." As we read it, before a party can bring suit under this statute he must claim some rights under the deed which he seeks to have construed. In this case, while the deed in question may affect property in which the appellees have an interest, they are claiming no rights under that deed.
Inasmuch as section 86.021 has not subsequently been amended, Matthews and Bowden v. Seaboard Air Line R.R., 47 So.2d 786 (Fla. 1950), upon which Matthews relies, are controlling here. Intervention plaintiffs are not, and do not claim to be, parties to the recorded covenants and restrictions pertaining to the Recreation Area, nor are they claiming any rights under those covenants and restrictions. They merely claim easement rights to the Recreation Area, which is encumbered by the covenants and restrictions. Moreover, they do not claim that their easement rights arise out of or were created by the covenants and restrictions which they seek to have declared invalid. *329 They merely claim an interest in the Recreation Area, an interest they admit is inconsistent with the recorded covenants and restrictions. Accordingly, they do not have standing to contest the Association's demand for title to the Recreation Area.
We further hold that the Statute of Frauds bars intervention plaintiffs from obtaining the relief sought from and awarded by the trial court in case no. 82-1998.
Because easements are interests in land, they cannot be created or transferred except by a written instrument signed by the grantor. §§ 689.01 and 725.01, Fla. Stat. (1981); Canell v. Arcola Housing Corp., 65 So.2d 849 (Fla. 1953). Intervention plaintiffs produced no such written instrument.
The trial court concluded that the oral agreement had been fully performed by intervention plaintiffs and that, therefore, the Statute of Frauds could not be employed as a defense against its enforcement. However, this finding was in error, as it is contrary to our supreme court's holding in Miller v. Murray, 68 So.2d 594, 596 (Fla. 1953), which states:
The governing principles by which part performance may remove an oral contract for the sale of land from the effect of the Statute of Frauds are also well settled. In addition to establishing the fact that an oral contract for sale was made, proof must be submitted as to the following: payment of all or part of the consideration, whether it be in money or in services; possession by the alleged vendee; and the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor  or, in the absence of improvements, the proof of such facts as would make the transaction a fraud upon the purchaser if it were not enforced.
In the first place, intervention plaintiffs failed to prove that the use of the Recreation Area offered to them was intended to be an easement, a permanent and irrevocable estate in land, rather than a mere license. None of intervention plaintiffs testified that they were specifically promised an easement. At best, all they could testify was that they were told that they could use the Recreation Area or that it was for the use of the residents in the area and that they, as well as others, did, in fact, use the Recreation Area. Unfortunately, they made no effort on or before purchasing their property to obtain a clearer definition of their right to use the Recreation Area or a written statement of the agreement regarding the Recreation Area, nor did they check the record title to determine who owned the Recreation Area. Had they done so, they would have found that there is no reference to any such easements in the warranty deed from CPI to Suncoast or in the quit claim deed from Suncoast to Alanco.
The evidence indicates that nothing more than a revocable license was intended. No officer of CPI testified that an easement was intended, and CPI's subsequent acts were inconsistent with such an intention. In conveying the Recreation Area by warranty deed to Suncoast, CPI promised to "fully warrant the title to said land and defend the same against the lawful claims of all persons whatsoever except taxes for 1976 and subsequent years, easements and restrictions of record, rights of individual contract purchasers and mortgages of record." Because the alleged recreational easements were not of record, this promise by CPI amounted to an agreement to warrant and defend the title to the Recreation Area against such claims of easements.
The restrictions recorded by CPI through which plaintiffs established their right to receive title to the Recreation Area are also inconsistent with an intention to create a recreation easement benefitting all purchasers in Lake Padgett Estates East. In those restrictions, CPI provided that a property owners association having a membership of not less than fifty-one percent of the property owners in the East Lake IV Addition would be obligated to maintain the Recreation Area upon taking title. There is no explanation in the record as to why CPI would require only the East Lake IV property owners to maintain the Recreation *330 Area when other residents were entitled to use it. It may have been that CPI intended that until such time as an appropriate property owners association took title and undertook the obligation to maintain the Recreation Area, CPI would allow other persons to use the property. As stated in Miller v. Murray, "`... [t]he declarations and admissions of the grantor are admissible in evidence to prove such a sale * * * but should have but little weight attached to them as against any act of such grantor inconsistent therewith.'" 68 So.2d at 597.
Another essential element of the part performance exception is the making of valuable and permanent improvements on the property by the vendee with the consent of the vendor or, in the absence of such improvements, the existence of such facts as would make the transaction a fraud upon the vendee if the oral agreement were not enforced. Miller v. Murray. Intervention plaintiffs have not alleged or proven that the denial of a recreation easement would be a fraud upon them, and there is no evidence that any of intervention plaintiffs made permanent and valuable improvements to the Recreation Area. The only improvements to the Recreation Area made by someone other than CPI were the water and sewer facilities installed by the Lake Padgett Estates East Road and Bridge District. The only evidence of acts of intervention plaintiffs involved mowing grass, pulling weeds, and generally cleaning the area on occasion. These maintenance activities cannot be said to amount to permanent and valuable improvements. See Todd v. Hyzer, 154 Fla. 702, 18 So.2d 888 (Fla. 1944) (mere cleaning and painting did not constitute the making of permanent and valuable improvements in part performance of an oral contract).
In addition, even where services are rendered in justifiable reliance on another's oral promise to convey, such services do not warrant specific performance of the oral promise where such services are capable of adequate pecuniary measurement and compensation. Cottages, Miami Beach, Inc. v. Wegman, 57 So.2d 439 (Fla.), modified, 59 So.2d 528 (Fla. 1952); Avery v. Marine Bank & Trust Co., 216 So.2d 251 (Fla. 2d DCA 1968). The services performed by intervention plaintiffs are capable of adequate pecuniary measurement and compensation.
The trial court also placed excessive weight on the fact that CPI made representations to prospective purchasers through oral statements by its sales agent and its use of advertising and sales brochures. Owen v. Yount, 198 So.2d 360, 362 (Fla. 2d DCA), cert. denied, 204 So.2d 330 (Fla. 1967), held:
We agree wholeheartedly with the position of Appellants that the Statute of Frauds applies and that an easement cannot be impressed upon real property in the State of Florida solely by conversation or by the activities of advertising and selling, even though these activities include both spoken words and printed advertising material.
Accord, Jonita, Inc. v. Lewis, 368 So.2d 114 (Fla. 1st DCA 1979).
It is well settled that in order for a contract conveying an interest in land to be specifically enforceable against subsequent owners, it must appear in the recorded chain of title. Shunk v. Palm Beach County, 420 So.2d 394 (Fla. 4th DCA 1982). The alleged oral agreements with CPI were never recorded or referred to in any recorded deed. There is no reference to the easement sought to be impressed here in the warranty deed from CPI to Suncoast or in the quit claim deed from Suncoast to Alanco. Moreover, since the restrictions under which intervention defendants claim title were recorded prior to any of the alleged oral agreements, intervention defendants could not have acquired their interest with knowledge or notice of intervention plaintiffs' rights.
While such agreements may be enforceable against CPI, they cannot be specifically enforced against the subsequent owners of the Recreation Area, including intervention defendants.
Even if intervention plaintiffs qualified for the part performance exception to *331 the Statute of Frauds, it was improper for the trial court to invoke the doctrine of part performance against intervention defendants.
Where a contract is for the sale of lands, or any interest therein, and is not in writing, no action at law can ever be maintained upon it. Part performance of such a contract is a ground of relief in equity only, and there on the principle of relieving from fraud.

Elsberry v. Sexton, 61 Fla. 162, 54 So. 592, 593 (1911). (Emphasis supplied.)
The doctrine of part performance is based not on the theory that part performance is a substitute for the written evidence required by the Statute of Frauds, but on the theory that the defendant should be estopped, in view of the part performance in reliance on the defendant's inducement or acquiescence, to assert the statute as a defense. Part performance takes the case out of the Statute of Frauds because it would be inequitable for the owner of the land to knowingly acquiesce in another's investment of labor or money in the land in reliance on a nonexistent contract. 73 Am.Jur.2d Statute of Frauds § 400.
Intervention defendants were not parties to any misrepresentations to intervention plaintiffs or any of their predecessors in title, and there was no showing that any of intervention defendants were aware of the maintenance activities performed by intervention plaintiffs and the reason behind these activities. Under these circumstances, intervention plaintiffs may not be estopped from asserting the Statute of Frauds as a defense.
Accordingly, the final summary judgment in case no. 82-716 is affirmed, but the portion of the final judgment in case no. 82-1998 awarding intervention plaintiffs an easement for the use of the Recreation Area is reversed and that cause is remanded with directions to amend the final judgment to deny intervention plaintiffs the easement and injunction awarded.
SCHOONOVER and LEHAN, JJ., concur.