741 So.2d 619 (1999)
Timothy L. MESSETT, Appellant,
v.
Cynthia J. COHEN, a/k/a Cynthia Cohen, et al., Appellees.
No. 98-3389.
District Court of Appeal of Florida, Fifth District.
September 24, 1999.
*620 Daniel J. Webster, Daytona Beach, for appellant.
Douglas M. Weaver, Assistant County Attorney, Deland, for appellee County of Volusia.
Mary D. Hansen of Storch, Hansen & Morris, P.A., Daytona Beach, for appellee Cohen.
MIHOK, A.T., Associate Judge.
Timothy L. Messett appeals the trial court's order dismissing his declaratory judgment action against Cynthia Cohen, Marsha Cohen, and Volusia County. The trial court dismissed Mr. Messett's amended complaint with prejudice finding that he lacked standing to maintain this declaratory judgment action. For the reasons set forth below, we affirm.
By way of amended complaint, Mr. Messett, a landowner at Bethune Beach, filed suit against Cynthia Cohen, Marsha Cohen, and Volusia County. The complaint explained that in 1986 Cynthia Cohen owned two adjoining pieces of property at Bethune Beach. One property was a vacant lot (Cohen lot) and the other property had been developed with a single family residence (Cohen residence). The Cohen property is apparently beachfront. Mr. Messett alleged that before he purchased his property, he investigated the ownership of the Cohen property.[1] He found that Cynthia Cohen held record title to the Cohen residence and Cohen lot and that she had paid the taxes on these properties. He also found that, in May 1992, Cynthia Cohen, as owner, made application to Volusia County for a variance which would have permitted the construction of a stand alone residence on the vacant lot. This application, which drew opposition from adjoining landowners including Mr. Messett's predecessor in title, was withdrawn prior to hearing. Based on his investigation of the ownership of the Cohen properties as well as Volusia County zoning regulations, Messett determined that the Cohen lot was not buildable for a stand alone residence.[2]
*621 The complaint goes on to explain that, in May 1997, Cynthia Cohen, through her attorney, submitted a letter to the County regarding the ownership of the Cohen lot. This letter, for the first time, made public reference to a quit claim deed from Cynthia Cohen to Marsha Cohen regarding the Cohen lot. The quit claim deed evidences an execution date of July 9, 1986, but the deed was not recorded until July 8, 1997. By letter dated June 25, 1997, the County acknowledged that it would recognize the legal opinion set forth in the May 20 letter from Cynthia Cohen's attorney that the Cohen residence and the Cohen lot comply with section 600 of the Volusia County Zoning Ordinance.
The complaint alleged that as a result of the County's June 25 determination, the Cohen lot is likely buildable for a stand alone residence and that the construction of such a residence would "obstruct the view of the Messett property and substantially damage and irreparably harm Messett." In its prayer for relief, the complaint requested the trial court to adjudicate and declare (1) whether Cynthia Cohen's quit claim deed conveying the vacant lot to Marsha Cohen was invalid, and (2) whether the action of the County authorizing Marsha Cohen to develop the vacant lot was improper.[3] The Cohens and Volusia County filed motions to dismiss the amended complaint, arguing that Mr. Messett lacked standing to pursue his claims for relief. The trial court granted the motions and dismissed the amended complaint with prejudice.
A motion to dismiss a pleading seeking affirmative relief tests the legal sufficiency of the pleading. See Augustine v. Southern Bell Tel. & Tel. Co., 91 So.2d 320 (Fla.1956). It admits all well-pleaded allegations of the pleading to which it is directed and asserts that the pleading does not state a cause of action on the grounds specified. See Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla.1956). More specifically, as related to the instant case, the "test of the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining such a declaratory decree of rights in accordance with his theory, but whether he is entitled to a declaration of rights at all." Florida State Board of Dispensing Opticians v. Bayne, 204 So.2d 34, 36 (Fla. 2d DCA 1967).
Mr. Messett sought a declaration from the trial court as to whether the quit claim deed which purported to transfer ownership of the vacant lot from Cynthia Cohen to Marsha Cohen in July 1986 was valid. The trial court determined that the allegations set forth in the complaint failed to demonstrate that Mr. Messett possessed standing to challenge the validity of the deed. The trial court was correct.
Section 86.021 of the Florida Statutes (1997) pertains to actions filed for declaratory relief relating to a deed:
86.021 Power to construe.
Any person claiming to be interested or who may be in doubt about his rights under a deed ... or whose rights, status, or other equitable or legal relations are affected by a ... deed ... may have determined any question or construction or validity arising under such ... deed... and obtain a declaration of rights, status or other equitable or legal relations thereunder.
§ 86.021, Fla.Sta. (1997). In construing the meaning of this provision, the second district has ruled that "before a party can bring suit under this statute he must claim some rights under the deed which he seeks to have construed." City of Pinellas Park v. Matthews, 355 So.2d 475, 476 (Fla. 2d DCA 1978). See also Bowden v. Seaboard *622 Air Line R. Co., 47 So.2d 786 (Fla.1950); Winters v. Alanco, Inc., 435 So.2d 326 (Fla. 2d DCA 1983). Here, Mr. Messett does not claim to be a party to the Cohen deed, nor is he claiming any right under the deed. He merely claims that he possesses an interest which derives from his status as being the owner of the property which is apparently located across the road from the Cohen properties. Based upon the facts alleged in the amended complaint, the trial court properly concluded that Mr. Messett lacked standing to pursue his claim for declaratory relief against the Cohens because the complaint fails to assert a claim of any right "under the deed which he seeks to have construed." City of Pinellas Park v. Matthews, 355 So.2d at 476.
Mr. Messett's amended complaint also set forth a claim for declaratory relief against the County. The allegations of the complaint focus solely upon the County's June 25, 1997 determination that the Cohen properties do not fall within the parameters of section 600.01 of the County's land development code for purposes of development. In its prayer for relief, the complaint requests the trial court to adjudicate and declare that the County's action violated Mr. Messett's due process rights to receive notice and a hearing.
The relevant issue here is whether Mr. Messett possesses the requisite standing to challenge the due process provisions of the County's land development code. Mr. Messett claims that, as a neighboring property owner, he should have been given notice and an opportunity to be heard before the County issued its opinion, in letter form, concluding that the Cohen properties do not fall within the parameters of section 600.01 of the County's development code for purposes of development. In asserting his claim, Mr. Messett defines his injury as being that, if the Cohen lot is developed, such development would "obstruct the view of the Messett property and substantially damage and irreparably harm Messett."
"A private citizen can seek redress for a violation of a municipal ordinance where he or she proves special damages differing in kind from the damages suffered by the community as a whole." See Kagan v. West, 677 So.2d 905, 908 (Fla. 4th DCA 1996). In explaining this "special damages" exception, our supreme court has stated:
An aggrieved or adversely affected person having standing to sue is a person who has a legally recognizable interest which is or will be affected by the action of the zoning authority in question. The interest may be one shared in common with a number of other members of the community as where an entire neighbor-hood is affected, but not every resident and property owner of a municipality can, as a general rule, claim such an interest. An individual having standing must have a definite interest exceeding the general interest in community good shared in common with all citizens.
Renard v. Dade County, 261 So.2d 832 (Fla.1972). See also Citizens Growth Management Coalition of West Palm Beach, Inc. v. City of West Palm Beach, Inc., 450 So.2d 204 (Fla.1984). Thus, in order for Mr. Messett to demonstrate that he possesses standing to pursue a declaratory judgment action against the County, he is required to articulate a legally recognizable interest which is or will be affected by the action of the zoning authority.
As noted above, Mr. Messett's only asserted injury was his claim that if the Cohen lot is developed such development would "obstruct the view of the Messett property and substantially damage and irreparably harm Messett." However, a claim of "obstructed view" does not constitute a "legally recognizable interest." See Town of Indialantic v. Nance, 400 So.2d 37, 41 (Fla. 5th DCA 1981), app'd, 419 So.2d 1041 (Fla.1982) (holding that in the absence of some contractual or statutory obligation, a landowner has no absolute legal right to unobstructed air and light from the adjoining land.); Fontainebleau *623 Hotel Corp. v. Forty-Five Twenty-Five, Inc., 114 So.2d 357 (Fla. 3d DCA 1959) (holding that even at common law, the landowner had no legal right in the absence of an easement to unobstructed light and air from the adjoining land). Accordingly, since the only injury alleged in the amended complaint was the obstruction of his view, the trial court was correct in dismissing Mr. Messett's claim against the County for lack of standing.
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] The complaint avers that Mr. Messett owns two lots also located on Bethune Beach, but the complaint does not establish where the lots are located with regard to the Cohen lots or whether the lots are developed. Since Mr. Messett has characterized his injury as one of "obstructed view," we assume that at least a portion of the Messett property lies across the road from the Cohen property.
[2] Mr. Messett's conclusion was based on the concept of "unity of title." He determined that under County zoning regulations, if Cynthia Cohen held title to both the Cohen lot and Cohen residence throughout 1986, she could not build on the Cohen lot without first obtaining a variance.
[3] Mr. Messett is obviously concerned that the quit claim deed which purports to negate "unity of title" in Cynthia Cohen may not be legitimate. After the deed was accepted by the County, Messett asserts that Marsha Cohen can develop the lot without obtaining a variance.