890 So.2d 480 (2004)
Tony M. COLE, Appellant,
v.
CITY OF DELTONA, Appellee.
No. 5D03-3289.
District Court of Appeal of Florida, Fifth District.
December 30, 2004.
*481 Tony M. Cole, Enterprise, pro se.
L. Roland Blossom, City Attorney, Deltona, for Appellee.
SAWAYA, C.J.
Tony Cole, pro se, appeals the non-final order denying his motion for an emergency temporary injunction in a suit he filed challenging the procedural due process employed by the City of Deltona in approving the site plan of a Dollar General Store proposed for construction at the entrance *482 to Cole's residential neighborhood.[1] The specific issue we must resolve is whether the trial court erred in applying a "special damages" standard to determine whether Cole alleged and demonstrated an "immediate and irreparable injury," which is a necessary element that must be established to entitle a party to a temporary injunction. We believe that a special damages standard is inappropriate to determine whether such an injury has been shown in a preliminary injunction proceeding and accordingly reverse and remand this case for further consideration under the appropriate standard.
In his quest to suspend the Final Development Order issued by Deltona's Department of Development Services to the developer of the Dollar General Store, Cole filed a motion for temporary injunction alleging that the order was rendered in violation of the explicit mandates of Deltona's Code of Ordinances. The trial court denied the motion, finding that Cole had failed to: 1) exhaust his administrative remedies; 2) include a necessary party; and 3) establish an irreparable injury. The trial court acknowledged that the first two findings would support only a denial of the motion without prejudice, but concluded that the fact that Cole had failed to show irreparable injury justified disposing of the motion with finality. As to this finding, the court held:
Petitioner has not shown the likelihood of immediate and irreparable harm. Petitioner alleges that he will be harmed by the increase in traffic through the neighborhood and by a potential negative decrease in property value. These allegations of harm do not rise to the level of irreparable harm due to the unavailability of an adequate remedy at law. See Skaggs-Albertson's, 332 So.2d at 116-17 (holding that mere increase in traffic and potential loss in business value do not rise to the level of special damages require[d] to enjoin construction).
The essential elements necessary to establish entitlement to a preliminary injunction are: 1) the likelihood of irreparable harm; 2) the unavailability of an adequate remedy at law; 3) a substantial likelihood of success on the merits; and 4) consideration of the public interest. Dragomirecky v. Town of Ponce Inlet, 882 So.2d 495, 497 (Fla. 5th DCA 2004) (citing Yardley v. Albu, 826 So.2d 467 (Fla. 5th DCA 2002)). Cole argues that citation to the decision in Skaggs-Albertson's Properties, Inc. v. Michels Belleair Bluffs Pharmacy, Inc., 332 So.2d 113 (Fla. 2d DCA 1976), clearly shows that the trial court imposed upon him the requirement that he show special damages to establish the element of irreparable harm and argues, too, that special damages is not the proper standard for determining whether a temporary injunction should issue. We agree.
The decision in Skaggs-Albertson's involved an appeal from a trial court order enjoining the construction of a drugstore in the proposed location because the store violated a city zoning ordinance. In reversing the order granting the temporary injunction, the court concluded that the plaintiff's claim of special damages in the form of increased traffic and the loss of business the new drugstore would occasion should be rejected because the damages cited were not damages special to the plaintiff, but were suffered in common by the community as a whole. Accordingly, the court held that the plaintiff lacked standing to seek the injunction. Id. at 117. *483 We note that other Florida courts have distinguished the decision in Skaggs-Albertson's as announcing a specific rule relating to the standing issue to obtain injunctive relief which requires the party seeking the injunction to demonstrate that he or she has incurred special damages. See Exchange Invs., Inc. v. Alachua County, 481 So.2d 1223 (Fla. 1st DCA 1985); Rayan Corp., Inc. v. Board of County Comm'rs of Dade County, 356 So.2d 1276 (Fla. 3d DCA 1978); see also Messett v. Cohen, 741 So.2d 619 (Fla. 5th DCA 1999) (recognizing that the special damages standard applies to the issue of standing). Here, standing is not an issue, and the trial court should not have applied the special damages standard to determine whether Cole alleged and demonstrated irreparable harm.
Deltona argues that dismissal was proper in any event because Cole failed to exhaust his administrative remedies by pursuing an appeal of the Final Development Order. This court has held that it is appropriate to dismiss a suit when a party fails to exhaust his or her administrative remedies. See Central Fla. Invs., Inc. v. Orange County Code Enforcement Bd., 790 So.2d 593 (Fla. 5th DCA 2001). However, this issue has been rendered moot in light of the fact that the Deltona City Commission rejected Cole's appeal and, hence, he has no other administrative remedies to exhaust. Additionally, Deltona contends that dismissal was proper because Cole failed to join the developer of the Dollar General Store as an indispensable party. While this may justify dismissal, it does not justify dismissal with prejudice as the trial court ordered in the instant case. Cole should be permitted to join the developer and proceed with having his petition adjudicated on the merits in accordance with the correct standard.
We conclude that the order denying Cole's petition for temporary injunction should be reversed and this case remanded for further proceedings.
REVERSED AND REMANDED.
PLEUS and PALMER, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to rule 9.130(a)(3)(B), Florida Rules of Appellate Procedure.