**In re CFM–ETC. INC., Debtor.**

**Bankruptcy No. 91–14154–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 3, 1992.

See also 141 B.R. 448.

Brian A. Burden, Tampa, Fla., for debtor.

Kevin Graham, Tampa, Fla., for Remote Services, Inc.

Thomas J. Trask, Dunedin, Fla., for Hydil, Inc.

### ORDER ON MOTION TO ENFORCE COURT ORDER AND MOTION FOR RECONSIDERATION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 reorganization case and the matters under consideration are related Motions, one filed by CFM–ETC. INC. (Debtor) seeking to enforce this Court's Order of December 2, 1991 which granted the Debtor's Motion to Reject Executory Contract with Remote Services,

Inc. (RSI), and the other filed by RSI seeking a reconsideration, rehearing and stay of enforcement of the same Order. A brief discussion of the pertinent facts will be helpful to put the matters under consideration in proper focus.

The Debtor is the owner and operator of a neighborhood convenience store located in Oldsmar, Florida. The Debtor occupies the premises under a lease awarded from the owner of the real estate, Hydil, Inc. (Hydil), in a somewhat circuitous fashion, details of which are not relevant here. In addition to operating a grocery store, the Debtor also has service station facilities which have been established through an arrangement with RSI.

On September 1, 1988, the Debtor entered into what is described as a Special Purpose Lease (Lease) (Plaintiff's Exh. 1) with RSI on September 1, 1988. Under the Lease, RSI was to install, repair and maintain underground motor fuel storage tanks on the property leased by the Debtor, for which RSI was to pay the Debtor a rental fee of $1.00 per year. The Lease provides that all of the pumps and other equipment furnished by RSI was to be considered the personal property of RSI. RSI and the Debtor entered into a second agreement, called a Motor Fuels Commission Agreement (Commission Agreement) (Plaintiff's Exh. 2). Under this Agreement, the Debtor was to operate the fuel pumps installed by RSI; sell gasoline supplied by RSI at a price to be determined by RSI; and pay to RSI all of the proceeds from the gasoline, less a commission of $.02 per gallon of gasoline sold.

Soon after the Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code, the Debtor filed a Motion to Reject the Executory Contract with RSI. The Debtor contended in its Motion that RSI breached the Lease with the Debtor, and that in any event, the Lease between the Debtor and RSI is invalid and no longer binding. Notwithstanding, the Debtor sought to reject the same, presumably, although it is not very well articulated, under § 365(a) of the Bankruptcy Code. The Debtor's Motion was heard on an emergency basis with notice to RSI, and in the absence of any objection, an Order was entered on December 2, 1991 which granted the Debtor's Motion; directed RSI to remove its personal property, including the gasoline storage tanks and dispensing equipment, from the property leased by the Debtor; and scheduled a final evidentiary hearing limited to the issue of damages sustained by RSI, if any, as a result of the Debtor's rejection of the executory contracts in question.

Following the entry of the Order on the Debtor's Motion to Reject Executory Contract with RSI, RSI filed a Motion for Reconsideration, Rehearing and Stay of Enforcement of that Order. Soon after, the Debtor filed a Motion to Enforce this Court's Order of October 2, 1991, and the Court set both Motions for hearing.

The Debtor originally sought to reject the Lease, which it considered to be an executory contract, with RSI pursuant to § 365 of the Bankruptcy Code, which provides in pertinent part as follows:

§ 365. Executory contracts and unexpired leases.

(a) Except as provided in sections 765 nd 766, of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, any assume or reject any executory contract or unexpired lease of the debtor.

. . . . .

RSI did not object and does not object now to the Debtor's rejection of the Lease; however, it contends that the Lease is a lease for real property and RSI, as lessee, has a right to remain in possession of the leased premises pursuant to § 365(h)(1) of the Bankruptcy Code for the time remaining on the lease. Section 365(h)(1) of the Bankruptcy Code provides in pertinent part as follows:

§ 365. Executory contracts and unexpired leases.

(h)(1) If the [Debtor in Possession] . . . rejects an unexpired lease of real property of the debtor under which the debtor is the lessor, . . . the lease . . . is terminated by such rejection . . .; or, in the alternative, the lessee . . . may remain in

possession of the leasehold ... under any lease ... the term of which has commenced for the balance of such term and for any renewal or extension of such term that is enforceable by such lessee ... under applicable non-bankruptcy. (brackets added)

The Debtor contends that the Lease is not a lease for real property and thus, § 365(h)(1) does not apply and RSI should be required to remove its property from the Debtor's premises.

■ It is evident that the threshold issue is whether the Lease between RSI and the Debtor is, in fact, a lease for real property or a license or joint venture. There is no question that whatever the legal character of the Lease is, the arrangement between the Debtor and RSI is clearly an executory contract and is therefore subject to the provisions of § 365 of the Code which authorize the Debtor to reject executory contracts which are burdensome or of little value to the estate. In fact, in this case, as noted earlier, the Debtor filed a Motion and sought the authority to reject the Lease and the Commission Agreement, which Motion was granted.

This still leaves for consideration the most troublesome aspect of the controversy between the Debtor and RSI. This, in turn, centers around the ultimate question, which is whether the Lease is, in fact, a lease which created an interest in real estate or is merely a license or joint venture or some other special relationship between Debtor and RSI.

■ Whether an agreement is an unexpired lease for real property is a question of state law. *In re Huff,* 81 B.R. 531, 534 (Bankr.D.Minn.1988). Under Florida law, a real property lease must be sufficiently clear, definite, and complete to be enforceable. *Bay Club, Inc. v. Brickell Bay Club, Inc.,* 293 So.2d 137 (3d DCA 1974). A lease may be defined as a contract for the possession and profits of land for the lessee, and the recompense or rent or profit for the lessor. 34 Fla.Jr.2d, *Landlord and Tenant* § 24, citing 49 Am. Jur.2d, *Landlord and Tenant* § 1.

The Lease under consideration between RSI and the Debtor does not carry any indicia of a real property lease. Specifically, the Lease fails to include a legal description of the real property allegedly being leased. The Lease in evidence refers to a portion of property outlined on a plot which is attached as Exhibit A, however, the Lease includes no such attachment. Instead, the Lease refers generally to a portion of the property at 909 State Road 584–W in Oldsmar, Florida. Further, the Lease provides for a rental fee in the sum of only $1.00 per year. The Lease also provides that the lessor, that is the Debtor, is required to pay all of the property taxes on the land. In sum, this Court is satisfied that the Lease between the Debtor and RSI is not a lease for real property; instead, it is merely a license which gave RSI a right to have its gasoline pumps located on the property leased by the Debtor from Hydil, and to earn a commission on the gasoline sold by the Debtor to the public, in exchange for which the Debtor was to receive $.02 per gallon sold. Accordingly, this Court is satisfied that the Lease is not a lease for real property and § 365(h)(1) of the Bankruptcy Code does not apply. Therefore, since its contracts with the Debtor have been rejected, RSI must remove its equipment from the Debtor's property.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion of Remote Services, Inc. seeking a reconsideration, rehearing and stay of enforcement of this Court's Order of December 2, 1991 which granted the Debtor's Motion to Reject Executory Contract with Remote Services, Inc. be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion to Enforce this Court's Order of December 2, 1991 be, and the same is hereby, granted. RSI is directed to remove from the Debtor's premises all of its equipment and property within 30 days of the date of entry of this Order. It is further

ORDERED, ADJUDGED AND DE-CREED that this Court will hold an evidentiary hearing to determine the damages incurred by RSI as a result of the Debtor's rejection of the Special Purpose Lease with RSI on February 20, 1992 at 3:30 p.m. in Courtroom A, 4921 Memorial Highway, Tampa, Florida 33634.

DONE AND ORDERED.