O’CONNELL, Justice.
The appellee, Anna S. Miller, as plaintiff in the court below, brought suit against the administrator and heirs at law of Dr. Nonie' W. Gable, deceased, for specific performance of an oral contract under which plaintiff alleged that Dr. Gable had promised that if she would reside with him in his home “ * * * as a housekeeper, to cook, clean house, and otherwise take care of him in his declining years, and to remain with him until his death * * * he would pay her $25.00 cash per week, buy a new car for her, and further promised that before his death he would will to the plaintiff the said lot 5 and improvements thereon and the furniture, furnishings and fixtures contained * * ⅜ ” therein and that she had accepted said offer and fully performed her portion of the agreement, but that Dr. Gable had not willed her his home and the contents nor purchased her a new car, although he had paid her $25 per week.
In the alternative she prayed for an award of damages for breach of the alleged contract.
The chancellor, after final hearing, granted specific performance of the alleged oral agreement. The defendants, the administrator and the heirs at law of Dr. Gable appeal.
The defendants urge several grounds for the reversal of the final decree. We think that the critical question is whether the plaintiff established the existence of the alleged oral contract by clear, unequivocal and definite testimony as required by the decisions of this Court.
In his final decree, and the opinion made a part thereof, the chancellor made no specific finding that the plaintiff had established the existence and terms of the alleged oral contract. However, the record reveals a. *360 statement made by the chancellor at the end of the final hearing that he was of the view that the plaintiff had made a prima facie case of the existence of the contract to make a will. In any event such a finding is inherent in the final decree.
Contracts to make a will devising real estate, such as the one involved here, are considered to be in the same class as parol agreements for the sale of lands and are clearly condemned by the Statute of Frauds. Battle v. Butler, 1939, 138 Fla. 392, 189 So. 846; F.S. § 725.01, F.S.A.
One of the reasons for condemnation of such contracts by the Statute of Frauds was expressed in Hooks v. Bridgewater, 1921, 111 Tex. 122, 229 S.W. 1114, 1116, 15 A.L. R. 216, quoted at length in Battle v. Butler, supra [138 Fla. 392, 189 So. 850], in these words:
“ * * * For if it be the law that a contract of this kind may, under the circumstances here present, be enforced against a decedent’s estate, the entire inheritances of families are, for the benefit of strangers to the blood, put at the mercy of parol evidence.”
Courts of equity exercising mercy and conscience have created at least one exception to the stringency of the Statute of Frauds as expressed in Battle v. Butler, supra; Todd v. Hyzer, 1944, 154 Fla. 702, 18 So.2d 888; Cottages, Miami Beach, Inc. v. Wegman, Fla.1952, 57 So.2d 439; Burton v. Keaton, Fla.1952, 60 So.2d 770; and other like cases.
However, before it becomes proper or necessary to determine whether the facts permit the enforcement of such a contract, as an exception under the Statute of Frauds, it must first be determined that the existence of the contract and the terms thereof have been established with both the quantum and the quality of evidence required under the applicable rules of law.
In the case of Rork v. Las Olas Co., 1945, 156 Fla. 510, 23 So.2d 839, 842, this Court said:
“It is fundamental that a prerequisite of a decree for specific performance is the existence of a valid contract.”
As to the degree of proof in a case for specific performance of an oral contract to convey lands, in Williams v. Bailey, 1915, 69 Fla. 225, 67 So. 877, 881, this Court stated the rule to be:
“It is the rule that the degree of proof required to establish the existence of a parol contract to convey lands in order to warrant enforcement of specific performance is greater than a mere preponderance of evidence. * * *" (Emphasis added.)
As to the quality or character of proof required, this Court in the case of Todd v. Hyzer, 1944, 154 Fla. 702, 18 So.2d 888, 890, supra, quoted with approval from the case of Myers v. Myers, 1924, 197 Iowa 1137, 198 N.W. 484, wherein that court said:
“It is well settled that to establish either a parol gift or contract of conveyance of land the one so claiming must establish the gift or contract by clear, unequivocal, and definite testimony * * (Emphasis added.)
Further, in Burton v. Keaton, Fla.1952, 60 So.2d 770, on page 772, supra, this Court explained that greater and more certain proof is required to prove an oral agreement to devise land by will than is required in an oral agreement to convey land, by saying:
“There is a good reason why the requirements should be more stringent in avoidance of the Statute of Frauds in a case of an oral promise to devise than in one to convey real estate. In the former the cause of action arises only after the lips of the promissor are sealed in death, but in the latter the promissor usually may testify for himself.”
In order to determine whether the evidence offered by the plaintiff to establish the existence of the oral agreement meets *361 the rules above stated we have carefully read the whole of the record. We have concluded that the plaintiff failed in meeting the burden which she assumed by failing to have the alleged agreement reduced to writing, if one ever existed.
Prior to the summer of 1953, the plaintiff, whose husband was a patient in a veterans’ hospital, worked as a housekeeper for a Mr. Morgan, who lived next to Dr. Gable. Dr. Gable was then a widower and had living with him a couple who performed the duties of housekeepers. Dr. Gable at various times expressed a desire to hire plaintiff away from Mr. Morgan, but she remained with Mr. Morgan until his death in August 1953. Shortly thereafter she entered the employ of Dr. Gable, who was then 81 or 82 years of age. She continued to work for him until his death in October, 1954.
The evidence shows as alleged by plaintiff that she “moved onto the premises” involved herein, that she performed housekeeping and other services for Dr. Gable, and that she received the sum of $25 per week from him. Defendants do not dispute that plaintiff rendered services to the decedent, but contend that she was paid therefor by decedent.
A total of ten witnesses testified on behalf of the plaintiff. Only three of these gave testimony bearing on the existence and terms of the alleged contract. The plaintiff was, of course, incompetent to testify and the defendants did not waive the benefit of the rule prohibiting her from testifying.
Mrs. Emma Davidson testified, among other things, that:
(1) Prior to Mr. Morgan’s death Dr. Gable had expressed to the witness a desire to have plaintiff keep house for him and had said “If Mrs. Miller will come and keep house for me I will fix the house any way she wants it fixed.”
(2) On another occasion, also before Mr. Morgan’s death, Dr. Gable had said to the witness, “I will give Mrs. Miller twice as much wages and will her that home if she will come and take care of me the rest of my life.”
(3) After Mrs. Miller went to work for him, Dr. Gable stated that he was well pleased with the way Mrs. Miller had cleaned up his house saying “It is Mrs. Miller’s house”, and on another occasion stated “he was going to will her that home and leave her enough money to make it into apartments if she wanted to. He said that is what he thought one time he would do.” On another occasion Dr. Gable had said, ' in Mrs. Miller’s presence, “ * * * I just love Mrs. Miller. If she was.a free woman I would marry her and not only will her this home * * * I would leave her everything I have.”
(4) Dr. Gable told the witness “ * * he would get Mrs. Miller a new car * * ⅜ ” and that “He got her a car * * ⅜ »
Myrtle Vance Reese, also plaintiff’s wit ness, testified, among other things, that
(1) Prior to Mr. Morgan’s death Dr. Gable said he would pay Mrs. Miller twice what Mr. Morgan was paying her.
(2) On another occasion Dr. Gable said that if Mrs. Miller “ * * * would come and stay with him and look after him for the rest of his life * * *” he would will her his. home and everything in it, and would leave her $5,000.
(3) On another occasion he told the witness “Miss Reese the understanding that Mrs. Miller and I have, he said, whatever she does here is to her benefit. This home by her coming over here and taking care of me, this home and everything in it is to be hers. I am willing it to her.”
(4) On cross examination the witness stated that the remarks attributed to Dr. Gable regarding his intention to leave the house to Mrs. Miller had been *362 made after Mrs. Miller entered Dr. Gable’s employ. In explanation this witness testified: “Oh, that was after. That was after. He saw proof of Mrs. Miller’s worth there, full proof, and that is why he could go on and do more and more. And, if she would marry him, if she were free to marry him he would leave her everything. That was the last.”
J. R. Roberts, a floor sanding contractor who had done work on the floors in Dr. Gable’s home after Mrs. Miller entered his •employ, testified as a witness for the plaintiff. He stated that Dr. Gable had told him to fix the floors the way Mrs. Miller wanted them and had told him:
“The house was being fixed up for Mrs. Miller. That is what he told me * * *»
“He told me he was fixing the house up for her that she was going to stay with him until he died, the rest of his life. He said he was going to turn ■everything over to her when he died. 'That was the agreement he had made ■with her.”
'The above presents, in the light most favorable to plaintiff, the evidence presented by her in proof of the alleged agreement.
The effect of much of the evidence for plaintiff is nothing more than declarations ■of intention of the deceased to devise property. Such statements are not proof of an agreement to devise. As stated in 49 Am. Jur., Statute of Frauds, Sec. S18:
'“ * * * Clearly, mere declarations •of intention to devise property are not ■sufficient to take a parol agreement to ■do so out of the statute of frauds. Where the promisee shows no substantial .change for the worse in his position an consequence of the agreement, relief will be denied. The test to apply in such a case is whether the promisee might have gone into a court of equity •during the lifetime of the promisor and Rav.e prevented him from disposing of the property in any way he might have deemed proper.”
Cited is Faunce v. Woods, 1925, 55 App.D.C. 330, 5 F.2d 753, 40 A.L.R. 208, which so holds, saying that proof of an oral agreement to convey cannot be made on mere hearsay or by evidence of declarations of a party to strangers to the transaction as a part of chance, conversation.
On this point see also Annotation: 1927, 69 A.L.R. 14, 196, supplemented in 1936, 106 A.L.R. 742, 765, and Traurig v. Spear, Fla.App. 1958, 102 So.2d 165.
Measuring plaintiff’s evidence by the rules of law recited in this opinion we are forced to the conclusion that she has not proved the existence of the parol agreement to devise the home and contents or the agreement to make her a gift of the automobile by clear, unequivocal and definite testimony as required.
We have considered the other grounds for reversal urged by defendants and we are of the opinion that had we found the proof of the existence and terms of the contract to be sufficient, we would nevertheless have been required to reverse the cause for lack of proof of the element of possession by plaintiff. See Williams v. Bailey, 1915, 69 Fla. 225, 67 So. 877, supra; Wilson v. Wilson, 1938, 132 Fla. 518, 181 So. 385; Green v. Price, Fla.1953, 63 So.2d 337; 49 Am.Jur., Statute of Frauds, Sec. 521, and 37 C.J.S. Frauds, Statute of § 252(a) (2). By specifically mentioning the element of possession we do not intend to hold that plaintiff proved the other essentials necessary to bring her case within the exception to the Statute of Frauds mentioned in Battle v. Butler, supra, and the other related cases cited herein.
This cause was tried prior to the effective date of Sec. 731.051, F.S.1957, F.S.A. and is not affected thereby. Said statute renders unenforceable any agreement to make a will, to give a legacy or make a devise unless the agreement be in writing and signed by the *363 person whose estate is sought to be charged, in the presence of two subscribing witnesses.
For the reasons above expressed the final decree is reversed with directions to enter a decree for the defendant.
TERRELD, C. J., THOMAS and THOR-NAL, JJ., and PEARSON, District Judge, concur.