293 So.2d 137 (1974)
The BAY CLUB, INC., et al., Appellants,
v.
BRICKELL BAY CLUB, INC., et al., Appellees.
No. 74-26.
District Court of Appeal of Florida, Third District.
April 16, 1974.
Jack D. Burris, Miami Beach, for appellants.
Frates, Floyd, Pearson, Stewart, Proenza & Richman and Andrew C. Hall, Miami, for appellees.
*138 Before BARKDULL, C.J., and CARROLL and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Defendant-appellants take this interlocutory appeal to review an order dismissing their counterclaim for specific performance with prejudice and striking the lis pendens filed by them in this cause.
Plaintiff-appellees on December 30, 1971 executed a written agreement with defendant-appellants to lease a portion of the Brickell Bay Club condominium which was then in the early stages of construction for the operation of a private club by the defendants. The agreement was contingent upon the defendants being able to obtain a zoning variance to permit the operation of the proposed club. Thereafter, on April 2, 1973 plaintiffs filed a complaint for rescission of the above agreement and alleged therein that defendants were in default. In response thereto, defendants answered and counterclaimed for specific performance. Counterclaimants alleged (1) that they had expended large sums of money and effort in reliance upon the subject agreement, (2) that the contemplated zoning variance had been obtained, and (3) that they were ready, willing and able to deposit the required security deposit, but plaintiffs had consistently refused to execute the lease. In addition, countercomplainants placed a lis pendens on the land upon which the Brickell Bay Club was being constructed. Thereafter, appellees filed a motion to dismiss the counterclaim on the ground that the instrument upon which the claim was based was insufficient to form a predicate for a claim of specific performance. The motion to dismiss was granted by the chancellor who dismissed the counterclaim for specific performance with prejudice and cancelled the lis pendens. However, appellants were given leave to file an amended counterclaim for damages. Their motion for rehearing being denied, appellant-counterclaimants take this interlocutory appeal.
The question presented for our determination is whether the agreement in the case sub judice is one upon which specific performance may be granted.
In order for a court of equity to decree specific performance of a contract, the terms of the agreement must be clear, definite, certain and complete, for the equitable remedy of specific performance is granted only where the parties have actually entered into an agreement that is definite and certain in all of its essential elements. 29A Fla.Jur. Specific Performance § 37 (1967) and cases cited therein. Further, an agreement between parties to execute a lease on real property must be certain as to the terms of the intended lease in order to be specifically enforced. Hotel Halcyon Corp. v. Miami Real Estate Co., 89 Fla. 156, 103 So. 403 (1925); Cantor v. Galloway, 97 Fla. 258, 120 So. 354 (1929).
After a careful scrutiny of the agreement to lease in the instant case, we conclude that the terms thereof do not meet the required certainty to be specifically enforced. The leased area in the agreement is described simply as approximately 20,000 square feet without any designated location thereof in the 31 story building. The rental was fixed at the rate of $5.00 per square foot; however, the exact square footage had not been agreed to. Likewise, the term of the proposed lease was uncertain as the agreement recites that it is the basis for a minimum of a 49 year term lease, but obviously could be for a longer duration. Lastly, the introduction thereto clearly states that the agreement is a general outline of the terms and conditions pertaining to the establishment of a private social club. The agreement lacks so many of the essential elements of a lease for the operation of a business that the court for specifical performance thereof, would have to write a comprehensive lease based on parole evidence which we may not and shall not do.
*139 The remedy of specific performance is granted of grace and rests in the discretion of the chancellor and there appearing no abuse thereof, the chancellor will not be reversed on appeal. Rundel v. Gordon, 92 Fla. 1110, 111 So. 386 (1927); Hart v. Freeman & Sons, Inc., Fla.App. 1969, 226 So.2d 708.
For the reasons cited hereinabove, the order herein appealed is hereby affirmed.
Affirmed.