390 So.2d 759 (1980)
Sheldon MINTZBERG, Appellant,
v.
Shansedin GOLESTANEH and Laima Golestaneh, Appellees.
No. 80-236.
District Court of Appeal of Florida, Third District.
November 12, 1980.
Rehearing Denied December 19, 1980.
*760 Hilton R. Carr, Jr. and L.J. Cushman, Miami, for appellant.
Williams, Salomon, Kanner, Damian, Weissler & Brooks and Gary S. Brooks, Miami, for appellees.
Before HUBBART, C.J., and SCHWARTZ and BASKIN, JJ.
BASKIN, Judge.
We affirm the summary judgment for appellees (sellers) entered by the trial court. The court found that the correspondence between the parties failed to establish a contract for the purchase of a condominium and denied the purchaser's request for specific performance.
Mr. Mintzberg executed a "Contract for Sale and Purchase" which he sent to the sellers in France. The sellers responded with a telegram:
Following telephone conversation last night we are agreeable to sale of unfurnished Kenilworth apartment for price of 200000 dollars cash provided that closing date would be beginning October and that brokers commission is half by both parties the apartment will include all window teatmennts [sic] carpeting attached mirrors ceiling light fixtures and major electrical appliances and and [sic] shower room curtain this offer is valid for one week...
Mr. Mintzberg's attorney communicated by letter:
This will confirm that the October 1, 1979 closing date is acceptable with the understanding that Mr. Mintzberg would prefer an earlier closing date.
I would appreciate a more detailed explanation of your advice to my secretary regarding the maintenance charges.
We must determine whether by this communication Mr. Mintzberg accepted the counter-proposal including the provision dealing with the brokerage fee. We hold that his letter did not express an intention to be bound to the terms of the counter-proposal.
An acceptance must contain an assent to the same matters contained in the offer. Bullock v. Harwick, 158 Fla. 834, 30 So.2d 539 (Fla. 1947). The equitable remedy of specific performance may be granted only where the parties have actually entered into a definite and certain agreement. Chaney v. Brown, 158 Fla. 489, 29 So.2d 209 (Fla. 1947); Bay Club, Inc. v. Brickell Bay Club, Inc., 293 So.2d 137 (Fla. 3d DCA 1974).
In order to be binding, an acceptance must be communicated to the offeror. Kendel v. Pontious, 261 So.2d 167 (Fla. 1972). We have examined the record to determine whether Mr. Mintzberg communicated an acceptance of the seller's counter-proposal. He did not acknowledge the provision dealing with the brokerage fee in his letter of acceptance. His deposition testimony makes no mention of the brokerage fee. In fact, there is no evidence of any kind disclosing that the broker ever communicated the counter-proposal to Mr. Mintzberg insofar as it related to the brokerage fee. Appellant argues as evidence of his acceptance that he spent $40,000 to purchase furniture designed for the condominium *761 unit and hired a decorator when advised by his attorney that the telegram had been received and that he now had a binding formal contract. Nevertheless, the evidence fails to disclose that Mr. Mintzberg agreed to the brokerage fee. We hold that the trial court correctly found that no binding contract was agreed upon by the parties.
Affirmed.
SCHWARTZ, Judge (dissenting).
In my view, the record raises a genuine issue as to whether the purchaser-appellant-by actively, and to the knowledge of the sellers' representatives, preparing for the new closing date contained in the sellers' telegram-evidenced by his actions and conduct an acceptance of the entire counter-offer, including the proposal as to the brokerage fee. Romano v. Palazzo, 83 Fla. 243, 91 So. 115 (1922); Shear v. Karno, 150 So.2d 916 (La. App. 1963), cert. denied, 244 La. 471, 152 So.2d 563 (1963); 1 Williston on Contracts, § 90 (3d Ed., Jaeger rev. 1957). I would therefore reverse the summary judgment below.