PER CURIAM.
The final judgment of specific performance which is under review by this appeal is reversed upon a holding that there was never an enforceable contract entered into by the parties herein because: (a) the financing portion of the subject agreement was, in our view, entirely indefinite in its terms and was, therefore, not susceptible to a decree of specific performance, see e.g., Chaney v. Brown, 158 Fla. 489, 29 So.2d 209 (1947); Maloy v. Boyett, 53 Fla. 956, 43 So. 243, 245 (1907); Brown v. Dobry, 311 So.2d 159 (Fla. 2d DCA 1975), and (b) the plaintiff buyers, Ronald Wedel and Doris Wedel, in any event, never accepted the financing portion of the subject agreement, but made a counter proposal thereon, which was never acted upon by the defendant sellers W. L. Philbrick and Christine Philbrick. See e.g., Mehler v. Huston, 57 So.2d 836 (Fla.1952); Bullock v. Harwick, 158 Fla. 834, 30 So.2d 539 (1947); Strong & Trowbridge Co. v. H. Baars & Co., 60 Fla. 253, 54 So. 92, 93-94 (1910); Brickell Townhouse, Inc. v. Hirschfield, 404 So.2d 153 (Fla. 3d DCA 1981); Mintzberg v. Golestaneh, 390 So.2d 759 (Fla. 3d DCA 1980). The cause is, accordingly, remanded to the trial court with directions to enter a judgment in this action for the defendant sellers, W. L. Philbrick and Christine Philbrick.
Reversed and remanded.