967 So.2d 1053 (2007)
ABC LIQUORS, INC., Appellant,
v.
CENTIMARK CORPORATION, Appellee.
No. 5D06-819.
District Court of Appeal of Florida, Fifth District.
November 2, 2007.
*1054 Philip F. Bonus, John F. Bennett, and Susanne D. McCabe, of Fishback, Dominick, Bennett, Stepter, Ardaman, Ahlers, Bonus, LLP, Orlando, for Appellant.
Gregory M. Palmer and Jeffrey N. Berman, of Rumberger, Kirk Caldwell, P.A., Miami, for Appellee.
ORFINGER, J.
ABC Liquors, Inc. appeals an adverse final summary judgment rendered on its breach of contract action against Centimark Corporation. ABC also appeals the trial court's denial of its motion for leave to amend its complaint. As explained below, we reverse.
From 1987 through 1990, ABC contracted with Centimark to replace the roofs on numerous ABC liquor stores located in Florida. The parties entered into separate contracts for each roof. Each contract contained an arbitration provision and each roof was warranted for twenty years by Centimark. In 1996, after experiencing a significant number of leaks in the roofs, ABC filed a demand for arbitration. In 1998, the parties reached a settlement agreement in the arbitration proceeding. In pertinent part, the settlement agreement required Centimark to repair, at its *1055 cost, any warranty-related problems on thirty-seven ABC liquor store roofs identified in the settlement agreement. In exchange, ABC agreed not to use other roofers to repair its roofs. The settlement agreement also outlined a procedure by which the parties would address the leaks. Both parties agreed to jointly inspect the roofs and develop a "Joint Inspection Report" for each roof, which would identify the labor, materials and work to be performed on each roof, and specify whether such work was covered by the original warranty, each party's proportionate share of responsibility, and the costs for the repairs. Centimark also agreed to conduct annual inspections of the roofs for the remainder of their warranty terms. At the completion of each repair, both parties were to observe testing to confirm that the roof was watertight. Important to our analysis, the settlement agreement further provided that if the parties were unable to agree on a remediation plan for a specific roof or roofs, those roofs would be "removed" from the settlement agreement.[1]
Apparently, things did not go as the parties had hoped. ABC filed a complaint in the circuit court against Centimark for breach of contract, alleging that Centimark failed to perform its obligations under the settlement agreement. Specifically, ABC alleged that Centimark failed to repair warranty-related problems on the roofs, agree in good faith on the services to be performed, conduct annual inspections of the roofs, respond to ABC's service calls, perform warranty work pursuant to the original agreements, complete roofing services, confirm that the roofs that were repaired were in a watertight condition, test the roofs, and be present to observe the testing and watertight condition. All of these obligations were agreed to in the parties' settlement agreement. Centimark answered and raised various affirmative defenses. In its answer, Centimark admitted the existence of the settlement agreement and asserted no defenses challenging the enforceability or legality of the agreement.
Centimark subsequently moved for partial summary judgment, seeking to limit ABC's damages to those provided for in the settlement agreement and foreclosing ABC from seeking damages for things such as lost profits. The trial court denied Centimark's motion, concluding that the settlement agreement was illusory, and nothing more than an agreement to agree; therefore, its terms limiting damages were unenforceable.[2] Centimark then filed a second motion for summary judgment on the basis that the settlement agreement was illusory and unenforceable as a matter *1056 of law. In response, ABC filed a motion for leave to amend its complaint. ABC's proposed amended complaint was also a breach of contract claim, but it focused on Centimark's failure to perform its duties under Centimark's original warranties on the roofs, instead of its alleged breach of the settlement agreement. The proposed amended complaint concluded that "[a]s a result of [Centimark]'s breach of warranties and as a result of the defective performance by [Centimark], [ABC] has suffered damages."
Following a hearing on the motions, the trial court issued an order denying ABC's motion for leave to amend its complaint and granting Centimark's second motion for summary judgment. In denying ABC's motion, the trial court concluded that ABC was "attempting to inject a new theory of recovery" in its proposed amended complaint. The trial court reasoned that since ABC's proposed amended complaint was based on the same facts as its original complaint and no additional facts had been learned during discovery, "[i]t is plain that [ABC]'s motivation to amend the complaint is only in response to [the trial court]'s recent observation that the Settlement Agreement is unenforceable." The trial court further found that because the parties' litigation had been pending for almost four years and Centimark had defended "against allegations that it violated express terms and conditions of the Settlement Agreement, and not the original thirty-seven (37) contracts . . . [, t]o allow amendment at this late juncture would be illogical and highly prejudicial." The trial court concluded that "[w]hen considering the benefits and substantial justice of allowing the proposed amendment, . . . [Centimark] will be unduly prejudiced in having to defend a new cause of action that is based on thirty-seven (37) separate contracts after four (4) years of extensive litigation premised upon a single agreement." In granting Centimark's motion for summary judgment, the trial court found that summary judgment was appropriate because the parties' settlement agreement was "nothing more than an agreement to agree." This appeal followed.
An order granting summary judgment is reviewed de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). A court may grant summary judgment only "if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Id. (citing Menendez v. Palms W. Condo. Ass'n, 736 So.2d 58 (Fla. 1st DCA 1999)). We also review the interpretation of a contract de novo. Fla. Power Corp. v. City of Casselberry, 793 So.2d 1174, 1178 (Fla. 5th DCA 2001).
Settlement agreements are governed by the rules of contract interpretation. Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla.1985); Siegel v. Whitaker, 946 So.2d 1079, 1083 (Fla. 5th DCA 2006). The creation of a contract requires that there be mutual assent to a certain and definite proposition. "Where essential terms of an agreement remain open, and subject to future negotiation, there can be no enforceable contract." Dows v. Nike, Inc., 846 So.2d 595, 602 (Fla. 4th DCA 2003). However, what constitutes an essential term of a contract will vary widely according to the nature and complexity of each transaction and must be evaluated on a case specific basis. King v. Bray, 867 So.2d 1224, 1228 (Fla. 5th DCA 2004). Nevertheless, an "agreement to agree" is unenforceable as a matter of law. Spanish Broad. Sys. of Fla., Inc. v. Alfonso, 689 So.2d 1092, 1094 (Fla. 3d DCA 1997).
Although the trial court did not explain why it determined that the parties' settlement agreement was an illusory agreement to agree, we can surmise that it was concerned with the indefiniteness of paragraph *1057 2. Under paragraph 2, the parties agreed to walk the roofs together and formulate a Joint Inspection Report identifying the labor, materials, and work necessary to repair the roof, and determine whether such repairs were warranty-related, and, if not, each party's proportionate share of responsibility for the repairs. Thereafter, the work agreed to in the Joint Inspection Report was to be satisfactorily completed, and, only then, a release given for that specific roof. The settlement agreement further provided that if the parties were unable to formulate a Joint Inspection Report, that roof (or roofs) would be "removed" from the agreement and, as explained earlier, returned to arbitration.
Having reviewed the settlement agreement carefully, we conclude that it is sufficiently specific to be enforceable. Admittedly, the settlement agreement created a framework to resolve the parties' differences, rather than nailing down each and every detail. However, as the supreme court said in Blackhawk Heating & Plumbing Co. v. Data Lease Financial Corp., 302 So.2d 404, 408 (Fla.1974), "even though all the details are not definitely fixed, an agreement may be binding if the parties agree on the essential terms and seriously understand and intend the agreement to be binding on them. A subsequent difference as to the construction of the contract does not affect the validity of the contract or indicate the minds of the parties did not meet with respect thereto." (Citation omitted). Here, Centimark not only admitted the existence of the contract in its answer, but embraced it by first seeking a summary judgment to enforce its terms. It was only when the trial judge suggested that the agreement was too vague to be enforceable that Centimark pursued summary judgment on that theory. The summary judgment must be reversed.
Although our disposition of this issue may render moot ABC's appeal of the trial court's denial of its motion to amend its complaint, on remand, there is no compelling reason not to allow such an amendment if ABC elects to pursue that route. As a general rule, Florida allows liberal pleading amendments unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or the amendment would be futile. Yun Enters., Ltd. v. Graziani, 840 So.2d 420, 422-23 (Fla. 5th DCA 2003). "Courts should be especially liberal when leave to amend `is sought at or before a hearing on a motion for summary judgment.'" Gate Lands Co. v. Old Ponte Vedra Beach Condo., 715 So.2d 1132, 1135 (Fla. 5th DCA 1998) (quoting Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Co-op. Bank, 592 So.2d 302, 305 (Fla. 1st DCA 1991)). In this case, no new theories of recovery were asserted in the proposed amended complaint. This case has always been about ABC's contention that Centimark failed to install and repair the roofs in a workmanlike manner. Whether that is viewed as a breach of warranty claim or as a breach of the settlement agreement, the underlying facts would be essentially the same. We also disagree with Centimark's contention that, as a matter of law, any amendment would be futile based on the statute of limitations. We reach that conclusion because we cannot precisely tell when ABC's causes of actions accrued nor does Centimark take into account the provision of section 95.051(1)(g), Florida Statutes (1996), which tolls any statute of limitation during the pendency of any arbitral proceeding pertaining to a dispute that is the subject of the court action.
For these reasons, we reverse the orders of the trial court and remand this *1058 matter for further proceedings consistent herewith.
REVERSED AND REMANDED.
GRIFFIN and TORPY, JJ., concur.
NOTES
[1] While the settlement agreement is not specific as to what occurs if a roof is "removed" from the settlement agreement, a logical construction of the agreement is that the dispute as to such roof(s) would return to arbitration. We reach that conclusion because the settlement agreement provides that, as the work set forth in the Joint Inspection Report as to each roof was completed, ABC was to furnish Centimark a release as to that completed roof. The settlement agreement further provided that the arbitration proceeding would be "terminated" only after ABC had issued releases for each roof. Hence, we conclude the arbitration proceedings were stayed, pending the parties' performance of their mutual obligations under the settlement agreement, rather than dismissed. Because each roof was covered by its own contract and arbitration provision, we see no reason why "removing" a roof from the settlement agreement would not, under these circumstances, return that roof(s) to the still pending arbitration proceeding.
[2] Both parties concede that the trial court determined that the settlement agreement was illusory because it was nothing more than an agreement to agree. However, the record on appeal does not include a transcript of that hearing and the trial court's order denying Centimark's motion for partial summary judgment does not include such a finding.