# Third District Court of Appeal

## State of Florida

Opinion filed March 8, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2649
Lower Tribunal No. 07-29172
_____


**Abundant Living Citi Church, Inc.,**
Appellant,

vs.

**Abundant Living Ministries, Inc.,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Gisela Cardonne Ely, Judge.

Rumberger, Kirk & Caldwell, P.A., and Joshua D. Lerner, for appellant.

Cooney Trybus Kwavnick Peets, PLC, and Alphonso Peets and Kelly A. Lenahan (Fort Lauderdale), for appellee.

Before WELLS, SALTER and SCALES, JJ.

SCALES, J.

Appellant Abundant Living Citi Church Inc. ("Church"), the defendant and counter-plaintiff below, appeals a non-final order ejecting Church from property owned by Appellee Abundant Living Ministries, Inc. ("Owner"), the plaintiff/counter-defendant. Because the trial court's order of ejectment operated as a de facto grant of summary judgment for Owner, disposing of Owner's claim and Church's contract claims, without obedience to summary judgment's procedural dictates, we reverse.

## I. Facts

In 2007, Owner initiated a single-count ejectment action, seeking to eject Church from Owner's real property in Miami. Church filed a verified answer, affirmative defenses, and a three-count counterclaim alleging that Owner was estopped from ejecting Church from the property. Essentially Church alleges Owner orally agreed to sell the property to Church, and breached that oral agreement, by failing to honor the agreement.[1] Owner sought to strike Church's affirmative defenses, asserting that Florida's statute of frauds precludes Church's contract and specific performance claims.[2] The trial court denied Owner's motion to strike.

---

[1] Specifically, count I of Church's counterclaim seeks monetary damages for breach of contract; count II seeks a judgment requiring Owner to specifically perform the contract by selling the property to Church for the allegedly agreed-upon sum of $400,000; and count III seeks unjust enrichment damages for improvements Church allegedly made to Owner's property.

Protracted discovery ensued over the next several years. Eventually, the trial court set the case for jury trial in May of 2017. One week after the case was set for trial, Owner filed its October 17, 2016 Motion to Compel Defendant to Surrender the Premises. In its motion, Owner alleged that it had entered a contract to sell the property to a third party and, therefore, needed to obtain the relief sought in Owner's complaint; that is, to eject Church from the property. Owner's motion made no other legal or factual arguments, did not cite to any record evidence in the case, and did not address Church's verified affirmative defenses or counterclaim.  On October 31, 2016, Owner noticed its motion for a hearing on November 9, 2016, for the trial court's five-minute motion calendar.

In opposition to Owner's ejectment motion, Church argued that issues of fact raised by Church's verified pleadings precluded Owner from obtaining the relief sought. Specifically, Church asserted that Church rightfully possessed the premises, and that Church and Owner had entered into an oral contract authorizing Church to purchase the property. Church asserted that consideration had been given, payment of the purchase price had been tendered, and Church had made valuable improvements to the property. Church asserted that the circumstances surrounding Church's occupation of Owner's property were sufficient to "satisfy the

---

[2] Florida's statute of frauds generally requires that any contract for sale of real property is unenforceable unless in writing and signed by the party to be bound. § 725.01, Fla. Stat. (2006).

3

longstanding gift and partial performance exceptions to the affirmative defense of the statute of frauds."

The trial court conducted the November 9, 2016 hearing and on November 23, 2016, entered the order on appeal, which ejected Church from the property. The trial court determined that, even if an oral contract between Owner and Church existed, any such oral contract would violate Florida's Statute of Frauds. The order expressly did not adjudicate Church's assertions that its partial performance of the alleged oral contract were sufficient to remove the contract from the operative effect of Florida's statute of frauds. The order required Owner to hold any sale proceeds in trust pending appeal by Church.

Church timely appealed the order. We stayed the trial court's order and granted Church's motion to expedite the appeal.

**II. Analysis**

The trial court's ejectment order summarily disposed of both Owner's ejectment claim and Church's contract claims; hence we review the ejectment order as we would a summary judgment order. Accordingly, we review the ejectment order de novo. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

Summary judgment is not warranted unless a hearing is held on proper motion, the record conclusively establishes that there exists no genuine issue of

4

material fact, and the movant is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c). A trial court may not short-circuit this process. See, e.g., Fouts v. Bowling, 596 So. 2d 95, 95 (Fla. 3d DCA 1992) (holding that hearing on motion in limine may not serve as vehicle for unnoticed summary judgment); Lombard v. Exec. Elevator Serv., 545 So. 2d 453, 455 (Fla. 3d DCA 1989) (disapproving use of pretrial conference to take testimony to dispose of case without summary judgment notice). Further, a trial court may not short-circuit the summary judgment process by neglecting elements of rule 1.510. See, e.g., Kendall Commercial Assocs., LLC v. Drakes, LLC, 163 So. 3d 718, 718-719 (Fla. 3d DCA 2015) (holding that grant of summary judgment without notice and based on relief unpled is improper); Schrank v. Pearlman, 683 So. 2d 559, 563 (Fla. 3d DCA 1996) (observing that summary judgment cannot be based on unsworn proof); Hurricane Boats, Inc. v. Certified Indus. Fabricators, Inc., 246 So. 2d 174, 175 (Fla. 3d DCA 1971) (stating that affidavit in support of summary judgment may not be based on factual or legal conclusions).

To be entitled to a summary judgment, Owner, as the movant, had the burden to identify in its motion those record facts that conclusively proved its claim and disproved Church's claims. Alfre Marble Corp. v. Twin Stone Designs & Installations, Inc., 44 So. 3d 193, 194 (Fla. 3d DCA 2010). Rule 1.510(c) requires summary judgment motions specifically to identify the summary judgment evidence

5

upon which the movant relies. Owner's motion identifies no record evidence whatsoever; it merely alleges, in conclusory manner, that Church should be ejected from the property. Owner's motion was accompanied by no affidavits or record citations. Owner's motion simply repeated the conclusory statement – alleged in Owner's complaint – that Church had no legal basis to be in possession of the property. No attempt was made to challenge, much less disprove, the verified allegations contained in Church's answer and counterclaim.[3]

Additionally, rule 1.510(c) requires summary judgment motions to "state with particularity the grounds upon which it is based and the substantial matters of law to be argued." Fla. R. Civ. P. 1.510(c). The motion does not mention the parties' alleged oral contract or Florida's statute of frauds, much less address whether the facts alleged by Church bring the parties' oral contract outside the reach of the statute of frauds. Understandably, based on Owner's motion, Church could not have reasonably expected the trial court to enter against it a de facto summary judgment or, as the dissent suggests was appropriate, a final judgment of dismissal.[4] Yet, as

---

[3] In fact, nowhere in the record is there a copy of the alleged contract between Owner and the prospective purchaser.

[4] As mentioned, the trial court previously had denied Owner's equivalent motion seeking to strike Church's pleadings. "[A]n order that strikes the entirety of a claim is the equivalent of an order which dismisses, and either is final." Gries Inv. Co. v. Chelton, 388 So. 2d 1281, 1282 (Fla. 3d DCA 1980).

6

Owner's counsel properly conceded at oral argument, this is precisely the effect of the trial court's order.

To be clear, we express no opinion as to whether Owner might be entitled to a summary judgment in this case. Entry of such summary judgment, however, is predicated upon Owner's filing of a motion that meets the requirements of rule 1.510 and establishes that Owner is entitled to the relief sought in its pleadings, and that disproves conclusively Church's entitlement to relief.

**III. Conclusion**

Notwithstanding Owner's failure to file a proper summary judgment motion, the trial court entered the equivalent of a summary judgment for Owner. We therefore reverse the trial court's ejectment order and remand for proceedings consistent with this opinion.

Reversed and remanded.

SALTER, J., concurs.

WELLS, Judge (dissenting).

I respectfully dissent. Even accepting the majority's finding that Abundant Living Citi Church, Inc. was denied due process, I would nevertheless affirm what amounted to entry of dismissal with prejudice of appellant's counter-claims for specific performance, and breach, of an oral contract for the sale of real property, as I find that appellant has not alleged and cannot prove the existence of a valid, oral contract in this matter. See de Vaux v. Westwood Baptist Church, 953 So. 2d 677, 682 (Fla. 1st DCA 2007) ("[W]e affirm the order of dismissal because the complaint wholly fails to state a cause of action for specific performance of a contract for the purchase of real property.").

The parties' focus both in the proceedings below and in this court on appeal has been on whether the partial performance exception to the statute of frauds, section 725.01 of the Florida Statutes, applies to appellant's claim. However, as the Florida Supreme Court long ago confirmed "before it becomes proper or necessary to determine whether the facts permit the enforcement of such a contract, as an exception under the Statute of Frauds, it must first be determined" that an oral contract exists. Gable v. Miller, 104 So. 2d 358, 360 (Fla. 1958) ("It is fundamental that a prerequisite of a decree for specific performance is the existence of a valid

8

contract." (quoting Rork v. Las Olas Co., 23 So. 2d 839, 842 (Fla. 1945))); Celano v. Dlabal, 591 So. 2d 653, 655 (Fla. 1st DCA 1991) (recognizing that "[t]o obtain specific performance of an oral contract to convey real estate, the party seeking specific performance must first [make a threshold showing to] establish the oral contract by clear, definite and certain proof").

"In order for a court of equity to decree specific performance of a contract, the terms of the agreement must be clear, definite, certain and complete, for the equitable remedy of specific performance is granted only where the parties have actually entered into an agreement that is definite and certain in all of its essential elements." The Bay Club, Inc. v. Brickell Bay Club, Inc., 293 So. 2d 137, 138 (Fla. 3d DCA 1974); see also de Vaux, 953 So. 2d at 682 ("In order for a contract to be subject to specific performance, it must appear from the writing constituting the contract that the obligations of the parties with respect to [the] conditions of the contract and actions to be taken by the parties are clear, definite and certain." (quoting Brown v. Dobry, 311 So. 2d 159, 160 (Fla. 2d DCA 1975))). Where, as here, specific performance of a contract for the sale of real property is at issue, the contract must at the very least be "definite, certain, and complete as to the parties, the description of the property, the contract price, and the financing terms thereof." Muñiz v. Crystal Lake Project, LLC, 947 So. 2d 464, 469 (Fla. 3d DCA 2006). Where any of these essential terms are lacking, specific performance of a contract

for the sale of real property must be denied. See 330 Michigan Ave., Inc. v. Cambridge Hotel, Inc., 183 So. 2d 725, 726-27 (Fla. 3d DCA 1966) ("Specific performance will not be enforced where the contract is not definite and certain as to essential terms and provisions and is incapable of being made so by the aid of legal presumption or evidence of established customs.").

Here, appellant's counterclaims for breach and specific performance of an oral contract are based on the following verified allegations, in relevant part:

## COUNT I. BREACH OF AN ORAL CONTRACT

8. The Defendant[], in August, 2004, through the corporation[']s representatives and/or officers, Pastor Antonio Rivera, Jr., and Pastor Dianna E. Rivera [entered into a verbal contract with Plaintiff] to relocate from South Carolina to Miami, Florida to start, and operate a religious organization, specifically, a Church, on the property, to conduct improvements to the physical structure on the property, and that in return, for Defendant's services, the property would be conveyed to the Defendant upon the Defendant's ability to obtain the finances to purchase the subject property.

. . . .

11. That on September 2006, the Defendant having the financial capacity to perform in accordance with the verbal agreement entered into by the parties, offered the Plaintiff Four Hundred Thousand Dollars ($400,000.00) for the property in the defendant's possession in Miami-Dade County . . . .

12. That the Plaintiff verbally accepted the offer and subsequently failed to comply with the oral contract.

. . . .

## COUNT II. SPECIFIC PERFORMANCE

10

13. Defendant incorporates by this reference paragraph[s] 7-11 of this Counter Claim.

14. That on or about September 2006, Plaintiff by and through their Pastor and President of the Corporation, Bishop Hugh Thomas informed the Defendant that their offer of $400,000.00 was accepted with verification with the Plaintiff's certified public accountant.

15. Defendant performed all conditions, covenants, and promises on Defendant's part to be performed in accordance with the terms and conditions of the agreement.

16. Defendant relied on Plaintiff's representations and that reliance was reasonable.

As clearly alleged in the counterclaim, and confirmed by appellant's counsel at oral argument, the parties did not agree upon the essential element of price when the parties first had their oral discussions in August of 2004. Rather, it was not until more than two years had passed, in September of 2006, that appellant offered to purchase the subject property for $400,000.[5] Without an agreement on a purchase price for the subject property, the parties had no enforceable agreement. See Alton Beach Realty Co. v. Henderson, 110 So. 256, 258 (Fla. 1926) (denying specific

---

[5] Consistent with the counterclaim, appellant's counsel also confirmed at oral argument that appellant was alleging the parties had entered into only one oral contract, in August of 2004, such that appellant's $400,000 offer in September of 2006 was in fulfillment of that agreement. In addition, though not alleged in the counterclaim, appellant's counsel represented at the hearing below that the $400,000 was also tendered to the appellee, but rejected.

performance of a contract for the sale of real estate where the purported contract failed to set forth with certainty the purchase price and time of payment).

I also find the barebones allegations that appellant would acquire the property at issue here for some unspecified price upon appellant's "ability to obtain the finances to purchase the subject property" wholly inadequate. Compare Muñiz, 947 So. 2d at 470 (finding the purchase and sale agreement sufficient where the agreement specified "the purchase price of the property, the deposit money schedule, the mortgage amount to be obtained by the Purchasers, [and] the mortgage financing conditions"), with de Vaux, 953 So. 2d at 682 (finding the plaintiff failed to state a cause of action for specific performance of a contract for the purchase of real property where "[e]ssential terms of the financing . . . [were] not included in the purported agreement, such as the date of the maturity of any promissory note, whether the quarterly payments of the debt would include any amortization of principal, and whether the financing would be secured by a mortgage on the subject property or other assets of de Vaux"), and Philbrick v. Wedel, 411 So. 2d 973, 974 (Fla. 3d DCA 1982) (reversing final judgment of specific performance and finding "that there was never an enforceable contract entered into by the parties herein because . . . . the financing portion of the subject agreement was, in our view, entirely indefinite"), and Fox v. Sails at Laguna Club Dev. Corp., 403 So. 2d 456, 458 (Fla. 3d DCA 1981) (affirming the denial of specific performance of a contract for the

sale of real property because "[w]hile the agreements include the names of the parties to the transaction, the location of the subject property, and the purchase price, conspicuously absent is any mention of the terms of payment or time for payment"), and Socarras v. Claughton Hotels, Inc., 374 So. 2d 1057, 1060 (Fla. 3d DCA 1979) (affirming denial of specific performance on a contract for the sale of real property where it was "not clear as to how the deferred payment financing arrangement would work, or when the purchase money mortgage payments would begin" and where "[t]he note also ma[de] mention of a possible future subordination of the purchase money mortgage to a new first mortgage, but none of those terms of this contemplated subordination were delineated").

Additionally, and in a similar vein, the facts alleged in the counterclaim could not possibly be viewed as anything more than an "agreement to agree" and therefore under Florida law unenforceable. See ABC Liquors, Inc. v. Centimark Corp., 967 So. 2d 1053, 1056 (Fla. 5th DCA 2007) ("[A]n 'agreement to agree' is unenforceable as a matter of law."). "To be enforceable, an agreement must be sufficiently specific, and reflect assent to all essential terms. Where essential terms of an agreement remain open, subject to future negotiation, there can be no enforceable contract." Suggs v. Defranco's, Inc., 626 So. 2d 1100, 1100-01 (Fla. 1st DCA 1993) (citation omitted); John Alden Life Ins. Co. v. Benefits Mgmt. Assoc., 675 So. 2d 188, 189 (Fla. 3d DCA 1996) (concluding that a contractual term providing that the parties

13

would negotiate a bonus payment in the future "was merely an 'agreement to agree' in the future about the bonus and hence unenforceable as a matter of law"); Jacksonville Port Authority, City of Jacksonville v. W.R. Johnson Enters., Inc., 624 So. 2d 313, 315 (Fla. 1st DCA 1993) ("Failure to sufficiently determine quality, quantity, or price may preclude the finding of an enforceable agreement. Where the parties are continuing to negotiate as to these essential terms, there can be no meeting of the minds.") (citations omitted); see generally 11 Fla. Jur 2d Contracts § 20 ("Where essential terms of an agreement remain open, and subject to future negotiation, there can be no enforceable contract. Thus, where it appears that the parties are continuing to negotiate as to essential terms of an agreement, there can be no meeting of the minds as required for the formation of a contract. Accordingly, an 'agreement to agree' is unenforceable as a matter of law.") (footnotes omitted).

Accordingly, even given the majority's conclusion that the appellant was denied due process, I would nevertheless affirm in this case as I find that appellant cannot as a matter of law establish the prerequisite for maintaining an action for breach of contract or specific performance. The sufficiency of a complaint for breach of contract and specific performance is a question of law and our standard of review is de novo. See de Vaux, 953 So. 2d at 681. Limiting such review to the allegations within the four corners of the complaint, accepting the allegations as true, and considering them in the light most favorable to appellant, it is clear that the

parties do not have a valid, oral contract for the reasons set forth herein. As even appellant's counsel conceded at oral argument, the purchase price and parameters for making payment were not even discussed by the parties until more than two years had elapsed from the time of their purported oral agreement in August of 2004. In light of this, I see no point in remanding this case for the lower court to engage in what amounts to a futile act on these claims.[6] See Posigian v. Am. Reliance Ins. Co. of N.J., 549 So. 2d 751, 754 (Fla. 3d DCA 1989) ("It would have been an exercise in futility to give Posigian an opportunity to amend her complaint. Where a complaint cannot be amended so as to state a cause of action, a dismissal with prejudice is proper.").

---

[6] At best, appellant has a valid cause of action for unjust enrichment based on the "valuable and permanent improvements" that appellant allegedly made to the subject property upon taking possession of it. That claim, which appellant raised as count III of the counter-claim, was not addressed in the order on review and remains pending below.