WELLS, Judge
(dissenting).
I respectfully dissent. Even accepting the majority’s finding that Abundant Living Citi Church, Inc. was denied due process, I would nevertheless affirm what amounted to entry of dismissal with prejudice of appellant’s counter-claims for specific performance, and breach, of an oral contract for the sale of real property, as I find that appellant has not alleged and cannot prove the existence of a valid, oral contract in this matter. See de Vaux v. Westwood Baptist Church, 953 So.2d 677, 682 (Fla. 1st DCA 2007) (“[W]e affirm the order of dismissal because the complaint wholly fails to state a cause of action for specific performance of a contract for the purchase of real property,”).
The parties’ focus both in the proceedings below and in this court on appeal has been on whether the partial performance exception to the statute of frauds, section 725.01 of the Florida Statutes, applies to appellant’s claim. However, as the Florida Supreme Court long ago confirmed “before it becomes proper or necessary to determine whether the facts permit the enforcement of such a contract, as an exception under the Statute of Frauds, it must first be determined” that an oral contract exists. Gable v. Miller, 104 So.2d 358, 360 (Fla. 1958) (“It is fundamental that a prerequisite of a decree for specific performance is the existence of a valid contract.” (quoting Rork v. Las Olas Co., 156 Fla. 510, 23 So.2d 839, 842 (1945))); Celano v. Dlabal, 591 So.2d 653, 655 (Fla. 1st DCA 1991) (recognizing that “[t]o obtain specific performance of an oral contract to convey real estate, the party seeking specific performance must first [make a threshold showing to] establish the oral contract by clear, definite and certain proof’).
“In order for a court of equity to decree specific performance of a contract, the terms of the agreement must be clear, definite, certain and complete, for the equitable remedy of specific performance is granted only where the parties have actually entered into an agreement that is definite and certain in all of its essential elements.” The Bay Club, Inc. v. Brickell Bay Club, Inc., 293 So.2d 137, 138 (Fla. 3d DCA 1974); see also de Vaux, 953 So.2d at 682 (“In order for a contract to be subject to specific performance, it must appear *1059 from the writing constituting the contract that the obligations of the parties with respect to [the] conditions of the contract and actions to be taken by the parties are clear, definite and certain.” (quoting Brown v. Dobry, 311 So.2d 159, 160 (Fla. 2d DCA 1975))). Where, as here, specific performance of a contract for the sale of real property is at issue, the contract must at the very least be “definite, certain, and complete as to the parties, the description of the property, the contract price, and the financing terms thereof.” Muñiz v. Crystal Lake Project, LLC, 947 So.2d 464, 469 (Fla. 3d DCA 2006). Where any of these essential terms are lacking, specific performance of a contract for the sale of real property must be denied. See 330 Michigan Ave., Inc. v. Cambridge Hotel, Inc., 183 So.2d 725, 726-27 (Fla. 3d DCA 1966) (“Specific performance will not be enforced where the contract is not definite and certain as to essential terms and provisions and is incapable of being made so by the aid of legal presumption or evidence of established customs”).
Here, appellant’s counterclaims for breach and specific performance of an oral contract are based on the following verified allegations, in relevant part:
COUNT I. BREACH OF AN ORAL CONTRACT
8. The Defendant ], in August, 2004, through the corporation[’]s representatives and/or officers, Pastor Antonio Rivera, Jr., and Pastor Dianna E. Rivera [entered into a verbal contract with Plaintiff! to relocate from South Carolina to Miami, Florida to start, and operate a religious organization, specifically, a Church, on the property, to conduct improvements to the physical structure on the property, and that in return, for Defendant’s services, the property would be conveyed to the Defendant upon the Defendant’s ability to obtain the finances to purchase the. subject property.
[[Image here]]
■ 11. That on September 2006, the Defendant having the financial capacity to perform in accordance with the verbal agreement entered into by the parties, offered the Plaintiff Four Hundred Thousand Dollars ($400,000.00) for the property in the defendant’s possession in Miami-Dade County ....
12. That the Plaintiff verbally accepted the offer and subsequently failed to comply with the oral contract.
[[Image here]]
COUNT II. SPECIFIC PERFORMANCE
13. Defendant , incorporates by this reference paragraph^] 7-11 of this Counter Claim.
14. That on or about September 2006, Plaintiff by and through their Pastor and President of the Corporation, Bishop Hugh Thomas informed the Defendant that their offer of $400,000.00 was accepted with verification with the Plaintiffs certified public accountant.
15. Defendant performed all conditions, covenants, and promises on Defendant’s part to be performed in accordance with the terms and conditions of the agreement.
16. Defendant relied on Plaintiffs representations and that reliance was reasonable.
As clearly alleged in the counterclaim, and confirmed by appellant’s counsel at oral argument, the parties did not agree upon the essential element of price when the parties first had their oral discussions in August of 2004. Rather, it was not until more than two years had passed, in September of 2006, that appellant offered to purchase the- subject property for $400,000.[5] Without an agreement on a pur *1060 chase price for the subject property, the parties had no enforceable agreement. See Alton Beach Realty Co. v. Henderson, 92 Fla. 689, 110 So. 256, 258 (1926) (denying specific performance of a contract for the sale of real estate where the purported contract failed to set forth with certainty the purchase price and time of payment).
I also find the barebones allegations that appellant would acquire the property at issue here for some unspecified price upon appellant’s “ability to obtain the finances to purchase the subject property” wholly inadequate. Compare Muñiz, 947 So.2d at 470 (finding the purchase and sale agreement sufficient where the agreement specified “the purchase price of the property, the deposit money schedule, the mortgage amount to be obtained by the Purchasers, [and] the mortgage financing conditions”), with de Vaux, 953 So.2d at 682 (finding the plaintiff failed to state a cause of action for specific performance of a contract for the purchase of real property where “[essential terms of the financing ... [were] not included in the purported agreement, such as the date of the maturity of any promissory note, whether the quarterly payments of the debt would include any amortization of principal, and whether the financing would be secured by a mortgage on the subject property or other assets of de Vaux”), and Philbrick v. Wedel, 411 So.2d 973, 974 (Fla. 3d DCA 1982) (reversing final judgment of specific performance and finding “that there was never an enforceable contract entered into by the parties herein because .... the financing portion of the subject agreement was, in our view, entirely indefinite”), and Fox v. Sails at Laguna Club Dev. Corp., 403 So.2d 456, 458 (Fla. 3d DCA 1981) (affirming the denial of specific performance of a contract for the sale of real property because “[w]hile the agreements include the names of the parties to the transaction, the location of the subject property, and the purchase price, conspicuously absent is any mention of the terms of payment or time for payment”), and Socarras v. Claughton Hotels, Inc., 374 So.2d 1057, 1060 (Fla. 3d DCA 1979) (affirming denial of specific performance on a contract for the sale of real property where it was “not clear as to how the deferred payment financing arrangement would work, or when the purchase money mortgage payments would begin” and where “[t]he note also ma[de] mention of a possible future subordination of the purchase money mortgage to a new first mortgage, but none of those terms of this contemplated subordination were delineated”).
Additionally, and in a similar vein, the facts alleged in the counterclaim could not possibly be viewed as anything more than an “agreement to agree” and therefore under Florida law unenforceable. See ABC Liquors, Inc. v. Centimark Corp., 967 So.2d 1053, 1056 (Fla. 5th DCA 2007) (“[A]n ‘agreement to agree’ is unenforceable as a matter of law.”). “To be enforceable, an agreement must be sufficiently specific, and reflect assent to all essential terms. Where essential terms of an agreement remain open, subject to future negotiation, there can be no enforceable contract.” Suggs v. Defranco’s, Inc., 626 So.2d 1100, 1100-01 (Fla. 1st DCA 1993) (citation omitted); John Alden Life Ins. Co. v. Benefits Mgmt. Assoc., 675 So.2d 188, 189 (Fla. 3d DCA 1996) (concluding that a contractual term providing that the parties would negotiate a bonus payment in the *1061 future “was merely an ‘agreement to agree’ in the future about the bonus and hence unenforceable as a matter of law”); Jacksonville Port Authority, City of Jacksonville v. W.R. Johnson Enters., Inc., 624 So.2d 313, 315 (Fla. 1st DCA 1993) (“Failure to sufficiently determine quality, quantity, or price may preclude the finding of an enforceable agreement. Where the parties are continuing to negotiate as to these essential terms, there can be no meeting of the minds.”) (citations omitted); see generally 11 Fla. Jur. 2d Contracts § 20 (“Where essential terms of an agreement remain open, and subject to future negotiation, there can be no enforceable contract. Thus, where it appears that the parties are continuing to negotiate as to essential terms of an agreement, there can be no meeting of the minds as required for the formation of a contract. Accordingly, an ‘agreement to agree’ is unenforceable as a matter of law.”) (footnotes omitted).
Accordingly, even given the majority’s conclusion that the appellant was denied due process, I would nevertheless affirm in this case as I find that appellant cannot as a matter of law establish the prerequisite for maintaining an action for breach of contract or specific performance. The sufficiency of a complaint for breach of contract and specific performance is a question of law and our standard of review is de novo. See de Vaux, 953 So.2d at 681. Limiting such review to the allegations within the four corners of the complaint, accepting the allegations as true, and considering them in the light most favorable to appellant, it is clear that the parties do not have a valid, oral contract for the reasons set forth herein. As even appellant’s counsel conceded at oral argument, the purchase price and parameters for making payment were not even discussed by the parties until more than two years had elapsed from the time of their purported oral agreement in August of 2004. In light of this, I see no point in remanding this case for the lower court to engage in what amounts to a futile act on these claims.[6] See Posigian v. Am. Reliance Ins. Co. of N.J., 549 So.2d 751, 754 (Fla. 3d DCA 1989) (“It would have been an exercise in futility to give Posigian an opportunity to amend her complaint. Where a complaint cannot be amended so as to state a cause of action, a dismissal with prejudice is proper.”).

. Consistent with the counterclaim, appellant’s counsel also confirmed at oral argu *1060 ment that appellant was alleging the parties had entered into only one oral contract, in August of 2004, such that appellant’s $400,000 offer in September of 2006 was in fulfillment of that agreement. In addition, though not alleged in the counterclaim, appellant’s counsel represented at the hearing below that the $400,000 was also tendered to the appellee, but rejected.

. At best, appellant has a valid cause of action for unjust enrichment based on the "valuable and permanent improvements” that appellant allegedly made to the subject property upon tailing possession of it. That claim, which appellant raised as count III of the counterclaim, was not addressed in the order on review and remains pending below.